IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA*, | ) | Docket Number: 17-cr-770 |
| Plaintiff, | ) | |
| | ) | Presiding Judge: |
| *v.* | ) | The Honorable Andrea R. Wood |
| | ) | |
| *JEFFREY JOHNSON*, | ) | |
| Defendant. | ) | |

**JEFFREY JOHNSON'S OBJECTIONS
TO THE PRESENTENCE INVESTIGATION REPORT**

Jeffrey Johnson, by his counsel, Paúl Camarena, respectfully objects to the P.S.I. as follows:

**Mr. Johnson's Objection to
the PSI Assertion that He Has a Prior "Serious Drug Felony"
and, Thus, is Subject to a Harsher Mandatory Minimum**

21 U.S.C. § 841(a)(1) prohibits persons' possession, with intent to distribute, of controlled substances; and Subsections 841(b)(1)(A) and (B) provide that, "[i]f any person commits such a violation after a prior conviction for a serious drug felony … such person shall be sentenced" pursuant to harsher mandatory minimums. 21 U.S.C. § 802(57) and 18 U.S.C. § 924(e)(2)(A)(ii) provide, in pertinent part, that a 'serious drug felony' is "an offense under State law, involving ... a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. October 10, 2019), held that "[i]f, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense."

In the instant case, the Government asserted that Mr. Johnson's prior violation of 720 IL.C.S. 570/401(c)(1) was a "serious drug felony." (D.E. No. 80, p. 1.) However, the elements of 720 ILCS 570/401(c)(1) are broader, not narrower, than the federal statute and, hence, the

prior conviction cannot qualify as a "serious drug felony."

The Illinois Subsection 401(c)(1) prohibits persons' distribution of 1 to 15 grams of "heroin, or an analog thereof."  Illinois Subsection 401 defines an Illinois "analogue" and Subsection 401 states, in relevant part, that an " 'analog' means a substance ... that has a chemical structure substantially similar to that of a controlled substance **OR** that was specifically designed to produce an effect substantially similar to that of a controlled substance."  (Emphasis added.)  By contrast, 21 U.S.C. § 802(32)(A) defines a federal "analogue" and *United States v. Turcotte*, 405 F.3d 515, 521 (7th Cir. 2005), held that that "provision requires two things: (1) The substance in question must have a chemical structure substantially similar to a controlled substance (criterion one) **AND** (2) it must either have a substantially similar effect on the central nervous system (criterion two) or be purported or intended to have such an effect (criterion three)."  (Emphasis added.)

Therefore, Illinois Subsection 401(c)(1) criminalizes people's distribution of a substance that simply "was specifically designed to produce an effect substantially similar to that of a controlled substance," whereas federal law requires more, federal law also requires that the substance have a chemical structure substantially similar to that controlled substance. Consequently, Illinois Subsection 401(c)(1) is broader than the federal statute, and Mr. Johnson's prior violation of Subsection 401(c)(1) cannot be a "serious drug felony" for purposes of 21 U.S.C. §  841(b)(1).

# Mr. Johnson's Objection to the PSI Assertion that He Has Prior "Controlled Substance Offenses" Pursuant to the Career Offender Guideline

Pursuant to U.S.S.G. 4B1.1(a)(3), a defendant is a career offender if "the defendant has at least two prior ... controlled substance offense[s]." Pursuant to Guideline Section 4B1.2(b), with respect to the Guidelines, "[t]he term 'controlled substance offense' means an offense under [ ] state law [ ] that prohibits [ ] the possession of <u>a controlled substance (or a counterfeit substance)</u> with intent." (Emphasis added.) Importantly, Section 4B1.2(b) does not extend the Guideline "controlled substance offense" definition to include analogs.

The Illinois General Assembly, in 720 ILCS 570/401, addressed controlled substances, counterfeit substances, AND controlled substance analogs. In fact, the Illinois Section is titled "Manufacture or delivery, or possession with intent to manufacture or deliver, a controlled substance, a counterfeit substance, or controlled substance analog." However, Illinois Subsection 401(c)(1), which Mr. Johnson previously violated, prohibits persons' distribution only of "heroin, or an analog thereof." Thus, Mr. Johnson could have distributed a heroin analog and, thereby, violated Subsection 401(c)(1), but still not have a Guideline prior "controlled substance offense." Because the Government has the burden of establishing that Mr. Johnson has the prior "controlled substance offense," Mr. Johnson respectfully objects that the record would not support such a Court finding.

        Respectfully submitted,
        Jeffrey Johnson's Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*      .
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        (312) 493-7494
        paulcamarena@paulcamarena.com