# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 CR 770 |
| | ) | |
| | ) | Hon. Andrea R. Wood |
| JEFFREY JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT REGARDING MANDATORY MINIMUM

Now comes Defendant Jeffrey Johnson, by and through his attorney, Jeffrey J. Levine, and for his Amended Objection to the Pre-Sentence Investigation Report Regarding the Mandatory Minimum Sentence, states as follows:

1. Defendant herein, presents his amended objection to the government's claim in the PSI Report's assertion that Mr. Johnson is subject to a mandatory sentence due to a prior "serious drug felony." Mr. Johnson's prior attorney had filed a prior objection. *See*: Jeffrey Johnson's Objections to the Pre-Sentence Investigation Report, 01/27/20, Dkt. No. 116. The government has also filed a Supplemental Sentencing Memorandum with regard to the issue. *See*: Governments Supplemental Sentencing Memorandum, 07/01/20, Dkt. No. 147.

2. Both the government and the Probation Department contend that a prior conviction of Mr. Johnson's results in a mandatory sentence pursuant to Title 21, U.S.C. § 841( a)(1). The government contends that this is triggered by Mr. Johnson's conviction in Case No. 11 CR 06807-01, for manufacture/delivery of heroin, in violation of 720 ILCS 570/401(c)(1). *See*: 08/15/19 Superceding Information, Dkt. No. 80 and 09/03/19 Superseding Indictment, Dkt No. 84.

3. In that case, Mr. Johnson was an occupant of a parked van "... from which a strong odor of narcotics was emanating." *See*: PSI Report, par. 48. The PSI Report indicates that Mr. Johnson, on April 21, 2011, pled guilty to two cases, 11 CR 06807-01 and 11 CR 06808-01, and was sentenced concurrently, to six years IDOC. *See*: PSI Report, pars. 48 and 49.

4. The crime proffered, 401(c)(1), prohibits distribution of 1 to 15 grams of "heroin or analog thereof." This small amount should not be considered a "serious drug felony" which would subject a defendant to a mandatory minimum.

Prior Argument

5. Elements of 720 ILCS 570/401(c)(1), are broader than the federal statute. In Illinois, the statute prohibits distribution of 1 to 15 grams of "heroin or an analog thereof." Illinois defines "analog" is a substance that has a chemical structure substantially similar to that of a controlled substance *or* that was specifically designed to produce an effect of stances similar to that of a controlled substance.

6. 21 U.S.C. § 802(32)(A) defines an "analogue" is a substance having a chemical structure substantially similar to a controlled substance *and* either have a substantially similar effect on the central nervous system or be purported or intended to have such an effect. *United States v. Turcotte*, 405 F.3d 515, 521 (7th Cir. 2005). Therefore, the Illinois statute criminalizes a substance designed to produce effect similar to that of controlled substance where federal law requires more, a similar chemical structure. As the elements for the Illinois statute is more expansive than the federal statute, the Illinois statute cannot be utilized for the purposes of 21 U.S.C. § 841(b)(1).

7. Sentencing Guideline § 4B1.2(b) defines a "controlled substance offense" as an offense under state law that prohibits the possession of *a controlled substance (or a counterfeit substance)* with intent. The Illinois statute, 720 ILCS 570/401, addressed controlled substances, counterfeit

substances and controlled substance analogs. Subsection 401(c)(1) prohibits individuals distribution only of heroin, or analog thereof. As Mr. Johnson could have distributed a heroin analog thereby violating the Illinois statute yet still not been convicted of a "controlled substance offense" pursuant to the Sentencing Guidelines, his cannot be deemed to have a prior serious drug felony.

8. The government, in its January 1, 2020 Supplemental Sentencing Memorandum, (Dkt. No. 147), offers *Shular v. United States*, 560 U. S. ___, 140 S. Ct,. 779 (2020) and *United States v. Bridges*, 2020 WL 3096816, at *5 (10th Cir. June 11, 2020), as authority. The Shular opinion regards the Armed Career Criminal Act (ACCA) and in both instances the defendant had pled guilty and as stated in *Bridges*, invited a sentencing error. Mr. Johnson however is not subject to the Armed Career Criminal Act. Nor did he plead guilty to the charge.

9. Because Illinois criminalizes a broader category of drugs then that defined at 21 U.S.C. § 802(44), Mr. Johnson's past drug convictions cannot be a basis for statutory minimum. *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed. 2d 607 (1990); *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018).

10. A state crime may qualify as a predicate conviction only if the elements the state crime mirror, or are narrower than, the elements of the generic crime. *United States v. Zuniga-Galeana*, 799 F.3d 801,804 (7th Cir. 2015). The state law defines an offense more broadly than the federal statute, the prior conviction doesn't qualify as a predicate offense. *United States v. Edwards*, 836 F.3d 831, 833 (7th Cir. 2016).

Failure of the Guidelines Development Process

11. The Sentencing Commission, on its own volition, added state offenses, punishable by more than one year, to drug trafficking offenses specified in § 994(h). *See*: U.S.S.G. § 4B1.2, Comment., note 1 (2009). This was done without explanation or any empirical study establishing

why such severe punishment is warranted for offenders not covered by §944(h)'s plain terms. The only explanation provided, was the *post hoc* claim, inserted in the Commentary in response to court decisions holding that the Commission had exceeded its authority under § 994(h), was that the Commission acted pursuant to its broader authority under 28 U.S.C. § 994(a) - (f), (b), (o) and (p). *See*: U.S.S.G., App. C, Amend. 528 (Nov. 1, 1995)

12. Those provisions, however, require actual study, research and consultation with judges, practitioners and experts, to reach a result that reflects advancement in knowledge of human behavior and achieves the purposes of sentencing. Prior courts have found that the Commission did not *in fact* conduct any analysis to find that offenders outside the reach of § 994(h) warranted the same harsh punishment as those covered by its plain terms, and therefore declined to give the Commission's *post hoc* justification retroactive application. *See*: *United States v. Bellazerius*, 24 F.3d 698, 702 (5th Cir. 1994). Thereafter, the Supreme Court held that the Commission had no authority to exceed the plain language of § 994(h), even if it had acted pursuant to its broader amendment authority. *United States v. La Bonte*, 520 U.S. 751 (1997).

13. The career offender guideline vastly overstates the seriousness of the offenses it includes. The lowest statutory maximum drug trafficking offenses specified by Congress in § 994(h) was 15 years in 1984 and is now 20 years. The Guidelines however include any offense that is punishable by as little as a year and a day. When considering one purpose of sentencing, the seriousness of the offense, the career offender guideline leads to unwarranted uniformity, another type of unwarranted disparity. Paul J. Hofer & Mark A Allenbaugh, *The Reason Behind the Rules: Finding and Using the Philosophy of the Federal Sentencing Guidelines*, 40 Am. Crim. L. Rev. 19, 83 (2003).

14. Sentencing disparity was the purpose for enacting the Sentencing Guidelines. This disparity is most evident in this country's rampant incarceration of economically deprived African-

Americans.

15. The government has not demonstrated an adequate basis for a mandatory minimum by a preponderance of the evidence, nor is such a sentence warranted the Sentencing Guidelines. An extended sentence was not intended by Congress and such a sentence would result in disparity of the kind the Guidelines were intended to preclude.

Wherefore, for all the above and foregoing reasons, Defendant Jeffrey Johnson prays that this Court declined to impose a mandatory minimum for a prior controlled substance offense and for such further and additional relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Jeffrey J. Levine
JEFFREY J. LEVINE
Attorney for Defendant Jeffrey Johnson

Jeffrey J. Levine
19 South La Salle Street
Suite 702
Chicago, Illinois 60603
(312) 372 - 4600

Dated: January 5, 2021